**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4433-16T2

JACQUELINE TERHUNE
and KREGG TERHUNE,
her husband,

      Plaintiffs-Appellants,

v.

COUNTY OF UNION and
CITY OF LINDEN,

      Defendants-Respondents,

and

EMMETT BRENNAN,

      Defendant.

_____

          Argued October 18, 2018 – Decided March 18, 2019

          Before Judges Simonelli, O'Connor and DeAlmeida.

          On appeal from Superior Court of New Jersey, Law
          Division, Union County, Docket No. L-2651-15.

John A. Fearns argued the cause for appellants (Lamb Kretzer, LLC, attorneys; John A. Fearns and Robert D. Kretzer, on the briefs).

William T. Donegan, Assistant County Counsel, argued the cause for respondent County of Union (Robert E. Barry, Union County Counsel, attorney; William T. Donegan, on the brief).

David A. Schwartz argued the cause for respondent City of Linden (Schwartz & Posnock, attorneys; David A. Schwartz, on the brief).

PER CURIAM

In this personal injury action, plaintiff Jacqueline Terhune alleges she was injured when she fell on a sidewalk on defendant Emmett Brennan's residential property, which is located in defendant City of Linden (Linden) and in defendant Union County (county). Her husband, plaintiff Kregg Terhune, asserts a per quod claim. Plaintiffs appeal from two June 12, 2017 orders; one order granted summary judgment to Linden and the other to the county.[1] After reviewing the record and applicable legal principles, we affirm.

---

[1] The notice of appeal indicates plaintiffs are appealing from only one of the June 12, 2017 orders. However, the civil case information statement suggests plaintiffs are appealing from three orders entered on June 12, 2017, each of which granted summary judgment in favor of one of the three defendants, including defendant Emmett Brennan. See Synnex Corp. v. ADT Sec. Servs., Inc., 394 N.J. Super. 577, 588 (App. Div. 2007) (permitting consideration of issue identified in case information statement). Notwithstanding, in their brief, plaintiffs do not advance any argument in support of reversing the order

2

For the remainder of the opinion, the term "plaintiff" shall refer solely to Jacqueline Terhune, and the term "defendants" shall refer only to Linden and the county. We set forth the salient evidence derived from the motion record.

At approximately 9:00 p.m. on August 2, 2014, plaintiff was walking on a sidewalk located on Brennan's residential property when, according to her answers to interrogatories, she was "caused to fall because of a sidewalk elevation." At her deposition, plaintiff testified that, in the area where she fell, the edge of a sidewalk slab was uplifted.

In his report, plaintiff's expert claimed the height of this elevation was one-and-three-quarters inches at its peak, and determined the elevation was a "hazard." A photograph of the alleged spot where plaintiff fell reveals a gap between the edge of such elevated slab and the edge of the slab immediately adjacent to it. There is no evidence of the dimensions of the gap, but the photograph indicates the gap between the two slabs is approximately two to three inches wide. At her deposition, plaintiff described the manner in which she fell as follows:

---

granting Brennan summary judgment. In fact, plaintiffs concede they were unable to find any evidence Brennan was negligent, a point plaintiffs' counsel acknowledged during oral argument before us.

As I hit [the area of the gap and elevated slab] I felt something funny and I fell. I went down to my right and landed on the grass [onto Brennan's lawn adjacent to the sidewalk]. . . .

I didn't trip. The way I set my foot down is all I can think, because I hit the wrong way right time. Just all of a sudden hit it the right way. I did not trip though. I didn't bang my toe. . . .

I didn't fall forward as if you trip. I went down to the side. I don't think I banged it or tripped.

Plaintiff also testified she had walked down the sidewalk a number of times before and was aware of the "uneven sidewalk slab." In a certification submitted in opposition to defendants' motions for summary judgment, plaintiff asserted her injury occurred when she "stepped on an uneven situation" in the sidewalk, and stated there was no ditch in the grass adjacent to the sidewalk where she fell.

According to a certification submitted by an emergency medical services technician who attended to plaintiff at the site of her fall, plaintiff claimed she had "tripped on the lawn while walking," injuring her right ankle. Emergency Room records reveal plaintiff told the medical staff she had stepped in a "hole." Four days later, plaintiff signed a "Patient Intake" form in a physician's office, in which she stated that she had fallen into a ditch.

4

As stated, the sidewalk on which plaintiff claims to have fallen is on Brennan's residential property; the property is a corner lot and abuts two intersecting streets. It is not disputed those streets are owned by the county, and there was no evidence either the county or Linden owned the subject sidewalk. There was no indication defendants controlled the sidewalk, but the county had limited, isolated contact with Brennan's property on one occasion and contact with the sidewalk on another.

If notified a shade tree abutting a county road is uprooting a sidewalk, the county will cut the roots to the tree under the sidewalk slab or slabs, provided the property owner first removes the slab to give the county access to the roots. Then, either the county or municipality will replace the slab that has been removed. At times, the county will also remove the tree.

In July 2010, the county removed most of a tree located between the curb and the subject sidewalk on Brennan's property. However, the stump was left intact. There is little documentary evidence of what occurred at that time because the county lost a number of records during Hurricane Sandy. However, it is implicit no roots were removed at that time because the stump was not removed, and there is no physical evidence any slab was disturbed or opened.

5

A few months after the tree was partially removed, Brennan bought the property. At his deposition he testified that, after he purchased the property, the stump was removed but the sidewalk, including the subject slab, was not accessed or breached. In fact, he claims the slab has looked the same since he acquired the property.

It is not disputed that, in 2011, the county resurfaced the road adjacent to the sidewalk where plaintiff fell. As part of that project, the county installed a handicap access ramp at the curb where the two streets abutting Brennan's property intersect. The county also installed new sidewalk slabs immediately adjacent to the ramp. There is no evidence such slabs were those on which plaintiff claims to have lost her footing and fallen.

According to a representative of Linden, with the exception of occasionally replacing a slab that has been removed to give the county access to shade tree roots, Linden does not maintain or control any sidewalks in the municipality. We note that, under a local ordinance, Linden may be required to repair a sidewalk under the following circumstances. LINDEN, N.J., REV. GEN. ORDINANCES § 15-6 (1999). That ordinance states:

> Each property owner shall be responsible for the inspection, repair and maintenance of all sidewalks adjacent to the property. The City shall not be responsible for the repair or maintenance of such

6

sidewalks, unless a determination is made by the City Engineer or the Public Works Department, following receipt of written notification from the property owner, that the deterioration, damage or destruction of the sidewalk as proximately caused by (a) the roots of a tree planted pursuant to the City of Linden Shade Tree Commission planting program, or (b) work performed by City employees in the official discharge of their responsibilities.

[Ibid.]

None of the circumstances triggering Linden's responsibility to repair the subject sidewalk pursuant to the ordinance existed here. But even if they did, it is well-settled that "municipal ordinances do not create a tort duty, as a matter of law." Brown v. St. Venantius Sch., 111 N.J. 325, 335 (1988).

In her amended complaint, plaintiff alleges Linden and the county are liable to her for negligently failing to maintain, service, and repair the subject sidewalk. The trial court granted these defendants summary judgment, finding, among other things, that there was no evidence the sidewalk slab was a dangerous condition as defined by the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, specifically, N.J.S.A. 59:4-1, or that either defendant had actual or constructive notice of such condition.

7

II

On appeal, plaintiff contends that: (1) the subject sidewalk is public property; (2) the portion of the sidewalk that caused plaintiff to fall was a dangerous condition as defined by the TCA; (3) both defendants had either actual or constructive notice of the dangerous condition; and (4) defendants' failure to take any protective measures to protect plaintiff from the dangerous condition was palpably unreasonable.

On an appeal from a trial court's decision of a summary judgment motion, our review is plenary. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We consider the record de novo, using the same standard as the trial court. Ibid. For purposes of the motion, we must consider plaintiff's properly-supported proofs as true and view them in the light most favorable to her. Id. at 329. We must determine whether the record, so viewed, entitles defendants to judgment as a matter of law, or whether there are material disputes of fact that a jury must resolve. Id. at 329-30; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Considering the record with those standards in mind, we conclude that summary judgment was properly granted to both defendants.

8

We start our substantive review with N.J.S.A. 59:4-2, which establishes the elements plaintiff must prove to hold a public entity liable for a dangerous condition of its property:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
>
> [N.J.S.A. 59:4-2 (emphasis added).]

Thus, liability only attaches if the plaintiff can show

> that the [public entity's] property was in a dangerous condition at the time of the injury; that the injury was proximately caused by the dangerous condition; that the dangerous condition created a reasonably foreseeable risk of the kind of injury that was

9

> incurred; and that a public employee created the dangerous condition or that the public entity had notice in time to protect against the condition itself.
>
> [Kolitch v. Lindedahl, 100 N.J. 485, 492 (1985).]

"Additionally, there can be no recovery unless the action or inaction on the part of the public entity in protecting against the condition was 'palpably unreasonable[.]'" Id. at 492-93.

Here, a fundamental assumption of plaintiff's claim against defendants is that, because they are public entities, they are liable for the condition of sidewalks in their respective jurisdictions, even if the sidewalks are located on private property. That assumption is not supported by any authority. N.J.S.A. 59:4-1(c) provides that "'[p]ublic property' means real or personal property owned or controlled by the public entity . . . ." "Before liability under N.J.S.A. 59:4-2 can be imposed on a municipality for injuries sustained due to a property's condition, that property must be deemed public." Norris v. Borough of Leonia, 160 N.J. 427, 449 (1999) (O'Hern, J., concurring). "There is '[n]othing in the legislative history [of the TCA] suggest[ing] that a public entity is liable for injuries sustained by virtue of a dangerous condition existing on the property of another.'" Id. at 449-50 (alteration in original)

10

(quoting Farias v. Twp. of Westfield, 297 N.J. Super. 395, 403 (App. Div. 1997)).

Thus, evidence of defendants' ownership or control of Brennan's sidewalk is vital to establishing their liability and, absent proof of ownership, a sidewalk is not public property unless actually controlled by the public entity. See N.J.S.A. 59:4-1(c). Mere incidental acts of control by the public entity are insufficient, see Farias, 297 N.J. Super. at 403, and property is not deemed to be controlled by a public entity merely because the property is located within the entity's geographical boundaries. Christmas v. City of Newark, 216 N.J. Super. 393, 398 (App. Div. 1987); N.J.S.A. 59:4-1(c). Further, "[u]nder our law, an abutting landowner's 'title . . . goes to the middle of the street and [landowners] continue to retain considerable interest in and control over that portion of the sidewalk located on their land.' The public is merely afforded an easement of passage over sidewalks." Norris, 160 N.J. at 449 (O'Hern, J., concurring) (second alteration in original) (quoting Christmas, 216 N.J. Super. at 400) (citations omitted).

Here, there is no evidence either public entity owned the subject sidewalk. It is undisputed the county owned the abutting road but, according to N.J.S.A. 27:16-8, the county's responsibility to maintain its roads is limited

11

to what is "between the curb lines," and does not include a sidewalk on property adjacent to a county road. However, as stated, if either Linden or the county controlled the sidewalk, they are potentially liable for injuries caused by a dangerous condition on the sidewalk under the TCA.

On one occasion, the county removed part of a shade tree from Brennan's property, but the county did not remove the stump at that time. Later, the stump was taken out, but there is no evidence the subject slab or any slab was opened to give the county access to the tree roots, let alone that either entity replaced the slab.

In addition, the county did place handicap access ramps on the sidewalk at the corner of the property where the two streets intersect. As part of that project, the county installed sidewalk slabs immediately adjacent to the ramp, but these slabs were not those which plaintiff claims caused her to fall.

In our view, neither this limited, one-time project to install an access ramp nor the removal of the tree and stump establishes defendants' control over the sidewalk, thus creating a duty for defendants to maintain and repair the subject sidewalk. Because there is no evidence either entity owned or controlled the sidewalk, defendants are not liable to plaintiff under the TCA. We therefore affirm the trial court's decision to grant defendants summary

12

judgment, albeit on different grounds.  See Isko v. Planning Bd., 51 N.J. 162, 175 (1968) (noting that if the order of the trial court is valid, the fact that it is predicated upon a different basis will not stand in the way of its affirmance), abrogated on other grounds by Commercial Realty & Res. Corp. v. First Atl. Props. Co., 122 N.J. 546 (1991).

In light of our disposition, we need not address plaintiff's remaining contentions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13